IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIA ANN MONTELIONE,<br>    Plaintiff<br><br>  v.<br><br>MICHAEL VESTAL, V.P.<br>  COUNTRYWIDE HOME LOANS, INC.;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS INC. (MERS);<br>LISA A. D'ANGELI, ESQ.,<br>  GOLDBECK, MCCAFFERTY & MCEEVER;<br>JOSEPH GOLDBECK, JR., ESQ.,<br>  GOLDBECK, MCCAFFERTY & MCEEVER;<br>LANCE BENEDICT, SHERIFF OF<br>SUSQUEHANNA COUNTY;<br>MICHAEL J. GIANGRIECO, ESQ;<br>KENNETH W. SEAMANS, JUDGE SUSQUEHANNA<br>COUNTY COURT OF COMMON PLEAS,<br>    Defendants | No. 3:04cv2511<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is the complaint filed by the plaintiff on November 18, 2004. We shall dismiss the complaint *sua sponte*.

### Background

Although the document filed by Montelione is not a model of clarity, it appears that she is claiming that the defendants violated various state and criminal statutes with regard to a foreclosure and sheriff's sale of property.

### Discussion

Plaintiff styles the complaint as a criminal complaint and it is entitled: "AFFIDAVIT

OF INFORMATION In support of a CRIMINAL COMPLAINT." The complaint, however, is being filed by a private individual, which is improper. A private individual may not file a criminal complaint in a United States District Court. See United States v. Panza, 381 F. Supp. 1133 (W.D. Pa. 1974). The complaint shall thus be dismissed. See, e.g., Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (explaining that a district court may *sua sponte* dismiss an action provided that the complaint affords a sufficient basis for the court's action). We find that dismissal is appropriate in the instant case. It is clear that the plaintiff cannot file such a complaint.

Moreover, even providing an expansive reading to the complaint and construing it as a civil complaint, dismissal would still be appropriate. In order for us to have jurisdiction over a case, there must either be diversity of citizenship or a federal question. In the instant case, the parties are citizens of the same state, Pennsylvania, therefore, diversity of citizenship does not apply. See 28 U.S.C. § 1332.

With regard to a federal question being at issue,[1] as the plaintiff is alleging that her rights have been violated, we could construe the complaint as a civil rights action filed under 42 U.S.C. § 1983. Dismissal, however, would still be appropriate. In pertinent part, Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[1] See 28 U.S.C. 1331.

2

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

In the instant case, a section 1983 claim fails as several of the defendants are not state actors and the remaining defendants, the Sheriff and Judge of Susquehanna County Pennsylvania, would be subject to absolute immunity from suit. See Nelson v. Walsh, 60 F. Supp. 2d 308 (Del. D. 1999).

Further, we lack jurisdiction over the instant action pursuant to the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are "inextricably intertwined" with a state adjudication. In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Whiteford v. Reed, 155 F.3d 671, 673-74 (3d Cir. 1998). In the instant case, the plaintiff is complaining about a state court foreclosure and sheriff's sale. We could not find that her rights were violated without first finding that

the state courts decision to foreclose and have a sheriff's sale was improper, thus effectively reversing the state court decision. It is improper for us to do so. Hence, the case should be dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIA ANN MONTELIONE,<br>        Plaintiff | No. 3:04cv2511 |
| | (Judge Munley) |
| v. | |
| MICHAEL VESTAL, V.P.<br>        COUNTRYWIDE HOME LOANS, INC.;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS INC. (MERS);<br>LISA A. D'ANGELI, ESQ.,<br>        GOLDBECK, MCCAFFERTY & MCEEVER;<br>JOSEPH GOLDBECK, JR., ESQ.,<br>        GOLDBECK, MCCAFFERTY & MCEEVER;<br>LANCE BENEDICT, SHERIFF OF<br>SUSQUEHANNA COUNTY;<br>MICHAEL J. GIANGRIECO, ESQ;<br>KENNETH W. SEAMANS, JUDGE SUSQUEHANNA<br>COUNTY COURT OF COMMON PLEAS,<br>        Defendants | |

## ORDER

AND NOW, to wit, this 30th day of November 2004, the instant complaint is hereby **DISMISSED**. The Clerk of Court is directed to close this case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
United States District Court

5